IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| David Chastain, ) | Case No. 05-40533-BGC-13 |
| ) | |
| Debtor. ) | |
| ) | |
| David Chastain, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | A. P. No.: 05-40176 |
| ) | |
| Richard Betts, Department Head ) | |
| of Domestic Relations; ) | |
| ) | |
| Frank Goshorn, a caseworker ) | |
| for the Department of ) | |
| Domestic Relations; ) | |
| ) | |
| and ) | |
| ) | |
| Shirley Barrick, ) | |
| ) | |
| Defendants. ) | |

## AMENDED
## MEMORANDUM OPINION ON DEBTOR'S
## COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY[1]

The matter before the Court is a <u>Complaint Violation of the Automatic Stay</u> filed on June 2, 2005, by Mr. David Chastain, the debtor in Bankruptcy Case No. 05-40533-BGC-13. After notice, a trial was held on November 9, 2005. Appearing were: the

---

[1] This Memorandum Opinion and accompanying order are amended <u>only</u> as to the inclusion of this footnote, footnote 2, and footnote 6. These notes are inserted to reflect the decision of the Supreme Court of the United States in <u>Central Virginia Community College v. Katz</u>, ___ U.S. ___, 126 S.Ct. 990, 74 USLW 4101 (Jan 23, 2006). In <u>Central Virginia Community College</u> the Supreme Court addressed the issue of a state's claim to sovereign immunity in a bankruptcy matter. Because this Court decided the instant matter without regard to the defendants' claim of sovereign immunity, or whether such a claim would affect an action against the State of Pennsylvania, this Court finds that the decision in <u>Central Virginia Community College</u> does not apply here.

debtor; his attorney, Mr. Thomas Semmes; and Ms. Linda Gore, the Chapter 13 Trustee. The matter was submitted on the debtor's testimony, exhibits admitted into evidence, the records in this proceeding and in Bankruptcy Case No. 05-40533-BGC-13, and arguments.

## I. Findings of Fact

### A. Background

The debtor seeks damages for a violation of the automatic stay allegedly committed by three individuals. Those are Mr. Richard Betts, Mr. Frank Goshorn, and Ms. Shirley Barrick. The debtor describes Mr. Betts as "the Department Head of Domestic Relation in The Court of Common Pleas in Cumberland County, PA." He describes Mr. Goshorn as "a caseworker for the Court of Common Pleas of Cumberland County, PA." He did not identify Ms. Barrick in his complaint other than by name. But it is clear from the record in this case and in the debtor's bankruptcy case, and from representations made by the debtor and his attorney at trial, that Ms. Barrick is the debtor's former wife and the mother of certain of his children.

### 1. The Defendants

The complaint refers to the defendants as a group. It concludes that the defendants violated the stay collectively. The complaint reads, "The Defendants violated the automatic stay in that they have attempted to collect a debt which is listed in the Debtor/Plaintiff's Chapter 13 Bankruptcy." Complaint Violation of the Automatic Stay, at 1. The complaint also alleges that the "Defendants" "had actual knowledge or were aware of" the debtor's bankruptcy case.

The complaint does not specifically state what the defendants allegedly did to violate the stay, other than to say that they attempted to collect a debt. It does not indicate when the purported stay violation began and when, if ever, it stopped. And, it does not specifically describe what each individual defendant did to violate the stay.

### a. Mr. Goshorn

The debtor alleges that on April 25, 2005, two months after he filed his bankruptcy case, someone from his attorney's office spoke with Mr. Goshorn on the telephone, and sent Mr. Goshorn a copy of his bankruptcy petition by facsimile. The debtor alleges that this contact accounts for Mr. Goshorn's knowledge of the bankruptcy case. The complaint does not address whether the purported stay violation had been consummated prior to that date.

2

### b. Mr. Betts

The complaint does not suggest how or when Mr. Betts may have received "actual knowledge" of the bankruptcy case or whether or not the purported stay violation had been consummated prior to him receiving that knowledge.

### c. Ms. Barrick

Ms. Barrick is listed as a creditor in the debtor's bankruptcy petition. The Court assumes that she obtained official notice of the case from the bankruptcy court. But, the complaint does not address when she received that notice and whether or not the purported stay violation had been consummated prior to that notice.

### 2. Service of the Complaint and Notice of the Bankruptcy

There is nothing in the record that demonstrates that any of the named defendants were served with a summons or the complaint. A document entitled "Summons and Notice of Pretrial Conference in an Adversary Proceeding" was mailed out on June 4, 2005, by Enterprise Systems Incorporated, the court designated mailing agency. But the certificate of service filed by that agency reflects that a copy of that document was mailed only to the debtor's attorney.

Nevertheless, a document entitled <u>Defendant's Response to the Plaintiff/ Debtor's Complaint of Violation of Automatic Stay</u> was filed on July 5, 2005, by Mr. Derek R. Clepper, Special Counsel for the Cumberland County Domestic Relations Office, Court of Common Pleas of Cumberland County, Pennsylvania. In that document, Mr. Clepper does not refer individually to either Mr. Betts, or Mr. Goshorn, or Ms. Barrick. Instead, like the debtor, he uses the collective term "Defendants."

Mr. Clepper admitted that the "Defendants" received notice of the bankruptcy case on March 1, 2005. Mr. Clepper adds however, that a wage attachment, which turns out to be the action being complained of by the debtor, was instituted on about February 25, 2005, prior to receipt of notice of the bankruptcy. In his response, Mr. Clepper adds that about April 25, 2005, the debtor's attorney contacted the defendants about the pending Chapter 13 case, and that the wage attachment issued by Cumberland County Domestic Relations had been vacated.

As an additional defense, Mr. Clepper alleged in his answer that the "Defendants" are immune from suit because they are entitled to sovereign immunity.[2] He argues that this proceeding should be dismissed.

---

[2] See note 1 above.

### 3. The Trial

The debtor testified at trial. None of the defendants appeared.

In essence, the debtor testified that the "State of Pennsylvania" deducted $1,400 from his paychecks and would not return it.[3] He testified:

> Q. The State of Pennsylvania continued to take some money for child support after this petition was filed, is that correct?
>
> A. Yes.
>
> Q. And what was the total amount that they took out?
>
> A. Fourteen hundred dollars.
>
> ....
>
> Q. The debt that the money was taken out for past due child support was listed in your Chapter 13, is that correct?
>
> A. Yes.
>
> Q. And they've not returned any money to you or given you a refund or anything?
>
> A. No, they haven't.
>
> The Court: All of this money was taken out after you filed your bankruptcy, Mr. Chastain?
>
> A. After bankruptcy.
>
> The Court: And its for a debt that you owed on child support before you filed your bankruptcy?
>
> A. Yes.
>
> The Court: None of this has anything to do with any child support that you were supposed to pay since you filed your bankruptcy or any kind of current payment?

---

[3] Debtor's Exhibit 1 is a copy of the debtor's "10-15-2005 to 10-28-2005" Wal-Mart payment voucher showing a year-to-date amount of $1,400 withheld from the debtor's pay.

4

A. No.

Unofficial Transcript of Trial, held November 9, 2005.

## II. Conclusions of Law

### A. Individual Defendants

As the foregoing indicates, the debtor did not testify that any of the named individual defendants, that is Ms. Barrick, Mr. Betts, or Mr. Goshorn, did anything to violate the stay. In fact, the debtor did not identify anyone by name in his testimony. Consequently, he did not prove a violation of the stay against any of those individuals.

In addition, there is no proof that Ms. Barrick was served a summons and complaint. Moreover, it is apparent that the document filed by Mr. Clepper, special counsel for the same state agency that employs Mr. Betts and Mr. Goshorn, was filed on behalf of Mr. Betts and Mr. Goshorn, not Ms. Barrick.[4] Since Ms. Barrick received no service, and has not answered the complaint or otherwise entered an appearance in this proceeding, an award against her would not be possible even if the debtor's testimony had shown that she violated the stay.

### B. The "State of Pennsylvania"

The debtor specifically testified that the only alleged violation of the stay was caused by the "State of Pennsylvania;" however, the "State of Pennsylvania" is not a defendant in this proceeding. The debtor did not sue the "State of Pennsylvania;" he did not name the "State of Pennsylvania" as a defendant in his complaint; and he did not serve the "State of Pennsylvania" with a summons and a copy of his complaint. The debtor therefore cannot obtain an award pursuant to 11 U.S.C. § 362(h) against the "State of Pennsylvania." But even if the debtor had sued the State of Pennsylvania, a sovereign immunity defense was raised.

### C. Claims and Recoupment

On June 17, 2005, the debtor objected to the allowance of the claim filed by the Domestic Relations Section of the Court of Common Pleas of Cumberland County, Pennsylvania, on the grounds that it was a duplicate of (i.e. was for the same debt as) the proof of claim filed by Ms. Barrick in this case for pre-petition child support. In contrast, the debtor did not, and has not, objected to Ms. Barrick's claim.

---

[4] This appears to be clear as there is no allegation or proof that Ms. Barrick works for that same state agency.

5

Case 05-40176-JJR    Doc 25    Filed 02/16/06    Entered 02/16/06 11:18:38    Desc Main
Document      Page 5 of 6

On July 19, 2005, this Court entered an order sustaining the debtor's objection and disallowing the Domestic Relations Section's claim. From that objection and that order, the Court must infer, that by the debtor's own admission, the money deducted from his paychecks through Cumberland County's wage attachment, was taken to satisfy the substantial debt the debtor owes Ms. Barrick for child support. Given that, even if the debtor had proved that Ms. Barrick violated the stay, and if she was indeed the recipient of the money taken from the debtor's paycheck, she would be able to recoup any of the debt owed to her by him from any damages awarded to him in this case, which, according to the representations should be $1,400.

In addition, even if Ms. Barrick did not have a right of recoupment, the debtor would have to pay any such funds recovered against Ms. Barrick to her since the debt that he owes to her is required to be paid by him in full as a priority in his Chapter 13 case. That is required both pursuant to 11 U.S.C. § 1322(a)(2) and this Court's Confirmation Order entered in this bankruptcy case on August 8, 2005. Either way, entering an award of damages against Ms. Barrick in this case for the $1,400 that was removed from the debtor's paycheck post-petition would be futile.[5]

### III. Conclusion

The debtor did not prove that any of the named individual defendants violated the stay. Even if the debtor proved that the State of Pennsylvania violated the stay, which this court cannot find that he did, the debtor did not sue the State of Pennsylvania. And whether the debtor <u>could</u> sue the State of Pennsylvania is another issue.[6]

Therefore based on the above, the <u>Complaint Violation of the Automatic Stay</u> filed by the debtor on June 2, 2005, must be denied. A separate order will be entered in conformity with this memorandum opinion.

Dated: February 16, 2006

/s/Benjamin Cohen  
BENJAMIN COHEN  
United States Bankruptcy Judge

BGC:sm  
xc: Thomas Semmes, attorney  
　　Derek R. Clepper, attorney  
　　Linda Gore, Chapter 13 trustee

---

[5] The Court must assume that the $1,400 withheld from the debtor and paid to Cumberland County has been, or will be, credited to the debtor.

[6] See note 1 above.